Marcus **ROGOZINSKI**, Plaintiff–
Appellant,

v.

**Karla R. SPAULDING, U.S. Magistrate
Judge, Clarence W. Counts, Jr., Federal
Public Defender, Defendants–Appellees.**

No. 08–14031
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 8, 2009.

Marcus Rogozinski, Orlando, FL, pro se.

Before CARNES, BARKETT and
WILSON, Circuit Judges.

PER CURIAM:

Marcus Rogozinski appeals *pro se* from
the district court's dismissal of his civil
rights action, which arose out of events
that occurred during his separate criminal
prosecution, against U.S. Magistrate
Judge Karla R. Spaulding and assistant
federal public defender Clarence Counts.
Rogozinski brought suit pursuant to 42
U.S.C. § 1985 and *Bivens v. Six Unknown
Named Agents of Federal Bureau of Nar-
cotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971), alleging that Counts
violated his civil rights by refusing to file
certain pretrial motions on his behalf in
the criminal case, that Judge Spaulding
violated his civil rights by denying his
request for new counsel in that case and
requiring him to submit any further pre-
trial motions through Counts, and that
Counts and Judge Spaulding conspired to
deny him equal access to the courts. The
district court dismissed his complaint "for
reasons stated in open court" during a
hearing held in Rogozinski's criminal case,
but did not issue a written order. On
appeal, Rogozinski argues that the district
court deprived him of due process due to
bias and prejudice, and that the district
court erred in failing to allow him to serve
his complaint on Judge Spaulding and
Counts.[1]

A judge is absolutely immune from suit
for actions taken in her judicial capacity,

---

1. Rogozinski does not address the propriety    of the district court's ruling or the fact that no

unless she acted in the clear absence of all jurisdiction. *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir.2005). Whether a judge's actions were taken in her judicial capacity depends on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in [her] judicial capacity." *Id.* Federal public defenders are also immune from civil rights suits arising out of alleged malpractice. *See Sullens v. Carroll,* 446 F.2d 1392, 1392–93 (5th Cir.1971) (per curiam) (holding court-appointed lawyers were immune from malpractice suits); *O'Brien v. Colbath,* 465 F.2d 358, 359 (5th Cir.1972) (per curiam) (extending *Sullens* to civil rights actions against public defenders in federal prosecutions).

■ Judge Spaulding's ruling on Rogozinski's request for new counsel constituted a normal judicial function in a case pending before her. Her actions took place in open court and arose out of an appearance in front of her, during a hearing on Rogozinski's request for new counsel. Therefore, Judge Spaulding was acting in her judicial capacity and is entitled to absolute judicial immunity. Likewise, because Rogozinski's claim against Counts essentially alleges malpractice in the pretrial stage of his criminal case, Counts is also immune from a civil rights suit. Therefore, Rogozinski's complaint fails to state a claim for relief against either defendant.

**AFFIRMED.**

written order was entered.